Dear Commissioner Grimes,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Is an individual with a controlling interest in an insurer whichis seeking to acquire control of a domestic insurer, required tofile a disclosure statement pursuant to 36 O.S. 1653 (1971)?
Title 36 O.S. 1653(a) (1971), provides as follows:
 "(a) Filing Requirements. No person other than the issuer or a domestic insurer shall make a tender offer for or a request or invitation for tenders of, or enter into any agreement to exchange securities or, seek to acquire, or acquire, in the open market or otherwise, any voting security of a domestic insurer or of any other person controlling a domestic insurer, if such other person, either directly or through its affiliates, is substantially engaged in the business of insurance, if, after the consummation thereof, such person would, directly or indirectly (or by conversion or by exercise of any right to acquire) be in control of such insurer, and no person shall enter into an agreement to merge with or otherwise to acquire control of a domestic insurer unless, at the time any such offer, request, or invitation is made or any such agreement is entered into, or prior to the acquisition of such securities if no offer or agreement is involved, such person has filed with the Commissioner and has sent to such insurer, and such insurer has sent to its shareholders, a statement containing the information required by this section and such offers request, invitation, agreement or acquisition has been approved by the Commissioner in the manner hereinafter prescribed." Emphasis added
The statutory definition of "person" embraces individuals, corporations, partnerships, associations, joint stock companies, trusts, unincorporated associations, all similar entities and all combinations thereof "acting in concert." See 36 O.S. 1651(f) (1971). 36 O.S. 1653, within the context of such definitional language, applies not only to individuals doing business as single proprietorships, but also to individuals who have acquired, or who are seeking to acquire, controlling interest in any entity within the ambit of 36 O.S. 1651(f). Such individuals have a duty to file a disclosure statement with the Insurance Commissioner irrespective of whether the interest sought or acquired is direct or indirect control of the domestic insurer. Accordingly, 36 O.S. 1653 expressly imposes that duty upon persons seeking to acquire or acquiring any voting security of a domestic insurer:
 ". . . or of any other person controlling a domestic insurer . . ."
36 O.S. 1653(b)(1) requires that the statement filed with the Insurance Commissioner contain the name and address of each person by whom "or on whose behalf" the acquisition of control is to be effected. Persons, including individuals 36 O.S. 1653(b)(1)(i), on whose behalf control is acquired are referred to as acquiring parties. Sub-section B, thus, reinforces the conclusion that individuals with a controlling interest in an insurer seeking to acquire control of a domestic insurer are subject to the provisions of 36 O.S. 1653 (a), and it remains only to determine what constitutes such control within the contemplation of that statute.
Title 36 O.S. 1651(c) (1971), defines the term "control," as used in 36 O.S. 1653(a) (1971), as follows:
 "(C) Control . . . . means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract or otherwise, unless the power is the result of an official position with or corporate office held by the person . . . ." Emphasis added
That language manifests that the legislative intent included a prohibition against holding companies becoming an instrumentality through which insurers are drained of their assets and subjected to insolvency. The power to direct management and policy constitutes the control which renders an insurer susceptible to that danger, and the disclosure statement required by 36 O.S. 1653 is essential to the exposure of such power.
It is, therefore, the opinion of the Attorney General that yourquestion be answered in the affirmative. An individual with a controllinginterest in an insurer seeking to acquire control of a domestic insureris required to file a statement pursuant to 36 O.S. 1653 (1971).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN PAUL JOHNSON, ASSISTANT ATTORNEY GENERAL